[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
Ralph G. Murphy (hereafter Murphy) retired on March 1, 1986 as an assistant attorney general for the state of Connecticut and, as a member of the State Employees Retirement System began to receive retirement benefits. On September 1, 1987, and annually thereafter, he was appointed as a Superior Court Magistrate by the Chief Court Administrator of the Judicial Department. CT Page 1631
In response to a Petition for a Declaratory Ruling filed by Murphy, on July 20, 1989 the Connecticut State Employees Retirement Commission (hereafter Commission) ruled that Murphy had reentered state service as a Magistrate so that, pursuant to Conn. Gen. Stat. Sec. 5-165a(c), his retirement benefits would be suspended if he worked ninety days or more as a Magistrate in any calendar year.
Murphy has filed this administrative appeal under Sec.4-183 of that ruling.
 I.
Murphy has alleged aggrievement. The stipulation of facts establishes aggrievement. Under the ruling Murphy must give up retirement benefits if he is employed for more than ninety working days under his annual appointment as Magistrate. Murphy has a specific personal and legal interest in the resolution of this matter. That interest has been specially and injuriously affected by the ruling of the Commission. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300,524 A.2d 636 (1987); Pawcatuck Eastern Pequot Indians v. Indian Affairs Council, 18 Conn. App. 4, 8-9, 555 A.2d 1003 (1989).
 II.
The parties have stipulated and moved for reservation pursuant to Practice Book Sec. 4146. See also Practice Book Form 3000.20. The court so finds and agrees.
In the opinion of the court, the question of law presented is reasonably certain to enter and resolve the case, and the present determination would be in the interest of simplicity, directness and economy of judicial action.
Apart from any delays in scheduling, researching and preparing a trial court decision on this appeal, the decision would not have the finality of a decision by the higher appeal courts. This issue directly effects the pool of attorneys who could serves as Magistrates for the judicial system. That system ought to expedite a resolution of this dispute.
There has been arguments before the Commission. A Superior Court appeal would require resubmission of those same arguments. Whatever the decision in the Superior Court, the parties will appeal for a conclusive ruling so there would be a third airing of the same arguments. A reservation would eliminate the middleman on this matter of public importance. See, Alpha Crane Service, Inc. v. Capitol Crane Co. 6 Conn. App. 60, 68,504 A.2d 1376, cert. denied, 199 Conn. 507, 508, A.2d 769 (1986). CT Page 1632
 III.
The question upon which advice is requested is as follows:
Does the appointment of a retired state employee, receiving benefits from the State Employees Retirement System pursuant to Chap. 66 of the Conn. Gen. Stat. as a Superior Court Magistrate pursuant to Conn. Gen. Stat. Sec. 51-1931 constitutes reentering state service, as defined in Conn. Gen. Stat. Sec.5-154(m), so that the retired employees retirement income is suspended if the employee works 90 days in any one calendar year pursuant to Conn. Gen. Stat. Sec. 5-164(c).
 IV.
At the request and with the consent of all the parties in this case, the Motion for Reservation is granted and the court reserves the question slated for the consideration and advice of the Appellate Court.
SAMUEL S. GOLDSTEIN, J. CT Page 1633